UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMY O., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 21-cv-2416 |
| v. | ) | |
| | ) | |
| KILILO KIJAKAZI, Acting Commissioner | ) | Magistrate Judge Susan E. Cox |
| of the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Amy O.[1] appeals the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. The Parties have filed cross motions for summary judgment.[2] For the reasons detailed below, Plaintiff's motion (dkt. 14) is granted and the Commissioner's Motion for Summary Judgment (dkt. 17) is denied. This case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

I. **Social Security Regulations and Standard of Review**

The Social Security Act requires all applicants to prove they are disabled as of their date last insured to be eligible for disability insurance benefits. Administrative Law Judges ("ALJs") are required to follow a sequential five-step test to assess whether a claimant is legally disabled. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; and (3) whether the severe impairment meets or equals one considered conclusively disabling such that the claimant is impeded from performing basic work-

---

[1] In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by her first name and the first initial of her last name(s).

[2] Plaintiff's Memorandum in Support of Reversing or Remanding the Decision Subject to Review [Dkt. 14] is construed as a motion for summary judgment.

related activities. 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920(a)(4)(i)-(v). If the impairment(s) does meet or equal this standard, the inquiry is over and the claimant is disabled. 20 C.F.R. § 416.920(a)(4). If not, the evaluation continues and the ALJ must determine (4) whether the claimant is capable of performing his past relevant work. *Cannon v. Harris*, 651 F.2d 513, 517 (7th Cir. 1981). If not, the ALJ must (5) consider the claimant's age, education, and prior work experience and evaluate whether she is able to engage in another type of work existing in a significant number of jobs in the national economy. *Id*. At the fourth and fifth steps of the inquiry, the ALJ is required to evaluate the claimant's RFC in calculating which work-related activities she is capable of performing given his limitations. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004). In the final step, the burden shifts to the Commissioner to show there are significant jobs available that the claimant is able to perform. *Smith v. Schweiker*, 735 F.2d 267, 270 (7th Cir. 1984).

In disability insurance benefits cases, a court's scope of review is limited to deciding whether the final decision of the Commissioner of Social Security is based upon substantial evidence and the proper legal criteria. *Scheck v. Barnhart*, 357 F.3d 697, 699 (7th Cir. 2004). Substantial evidence exists when a "reasonable mind might accept [the evidence] as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001). While reviewing a commissioner's decision, the Court may not "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Young*, 362 F.3d at 1001. Although the Court reviews the ALJ's decision deferentially, the ALJ must nevertheless "build an accurate and logical bridge" between the evidence and his conclusion. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (internal citation omitted). Even where "reasonable minds could differ" or an alternative position is also supported by substantial evidence, the ALJ's judgment must be affirmed if supported by substantial evidence. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008); *Scheck*, 357 F.3d at 699. On the other hand, the Court cannot let

the Commissioner's decision stand if the decision lacks sufficient evidentiary support, an adequate discussion of the issues, or is undermined by legal error. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535,539 (7th Cir. 2003); *see also*, 42 U.S.C.§ 405(g).

## II. Background and Discussion

On May 3, 2017, Plaintiff filed claims for DIB and SSI with an onset date of October 8, 2016. (R. 13.) Those claims were denied initially and upon reconsideration, after which Plaintiff timely requested a hearing before an ALJ. (*Id.*) That hearing was held on August 29, 2018. (*Id.*) On November 15, 2018, the ALJ denied Plaintiff's claim, finding her not disabled under the Act and therefore ineligible for benefits. (R. 13-24.) That decision was then appealed to the United States District Court for the Northern District of Illinois; on September 8, 2020, this Court granted the parties' agreed motion to remand the case for further proceedings. (R. 700-701.) A new administrative hearing was held on January 7, 2021. (R. 582.) Once again, the ALJ found that Plaintiff was not disabled under the Act on February 12, 2021. (R. 582-597.)

The ALJ's opinion followed the five-step analytical process required by 20 C.F.R. § 416.920. At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of October 8, 2016. (R. 585.) At Step Two, the ALJ found Plaintiff had the severe impairments of migraines and obesity. (*Id.*) At Step Three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments of 20 C.F.R. Part 404, Subpart P, App'x 1. (R. 586.) Before Step Four, the ALJ found Plaintiff had the RFC to perform sedentary work with the following limitations: no climbing of ladders, ropes, or scaffolds; no working around unprotected heights, open flames, or unprotected dangerous machinery; no concentrated exposure to dusts, fumes, poor ventilation, or vibrations; limited to work in an environment with moderate noise levels; restricted to simple, routine tasks involving simple work-related decisions, where changes in routine are infrequent and involve

no more than incidental interaction with the public. (R. 587.) At Step Four, the ALJ determined Plaintiff was incapable of performing her past relevant work. (R. 595.) At Step Five, the ALJ found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, considering her age, education, work experience, and RFC. (R. 596.) As a result of these findings, the ALJ ruled that Plaintiff was not disabled under the Act from the onset date through the date of the decision. (R. 597.)

The Court presents here the substantive portion of the ALJ's Step Three analysis in its entirety to allow comparison of that portion of the ALJ's opinion to the requirements outlined in Social Security Ruling ("SSR") 19-4p. The ALJ wrote the following:

> The undersigned has considered the assertions of claimant's representative, as to listing level severity in this case. To the contrary, however, despite those assertions, the undersigned concludes claimant does not have an impairment that meets or medically equals the severity requirements of any of the listed impairments, including Section 11.02 (Epilepsy), or any criteria outlined in Social Security Rulings 19-2p concerning obesity or 19-4p concerning the evaluation of headaches. Neither claimant nor her representative has met the burden of presenting medical evidence that supports a finding of listing level severity. The undersigned has reviewed the medical evidence of record in its entirety and finds that when considered individually or in combination, the record does not contain medical findings obtained on clinical examination or special study that are the same as or equal to any of those listed in any subsection of the Listing of Impairments.
>
> The degree of restriction pointed to by the representative, specifically the report that claimant is in bed with migraines 3 to 4 days per week, is not supported in the record, as will be discussed more thoroughly below. Furthermore, the undersigned notes the representative's assertion that the medical source has concluded claimant's impairments "preclude work" but does not find that this in any way informs the evaluation at this step (or, for that matter, at the step at which the residual functional capacity is assessed). Such statement does not provide any illumination regarding the requirements of a listed impairment (*e.g.*, 2.07, 11.02, 11.04, 11.18, 14.06). Nor is it considered a "medical opinion", because it does not provide specifics as to any functional limitations but is a statement on an issue reserved to the Commissioner of the Social Security Administration and thus is inherently neither valuable nor persuasive on the issue of whether the claimant is disabled.

> The record fails to reflect listing level severity in this case. Claimant's alleged impairments and their impact on her remaining functional ability are further discussed/analyzed in the remainder of the decision.

(R. 586-587.)

SSR 19-4p was promulgated to change the way that ALJs evaluated cases involving headache disorders. As noted above, the ALJ found that Plaintiff suffers from the severe impairment of migraines. As such, the ALJ's analysis should have been guided by SSR 19-4p. Section Eight of SSR 19-4p specifically discusses how to evaluate a medically determinable impairment of a headache disorder under the Listing of Impairments. SSR 19-4p notes that headache disorder "is not a listed impairment in the Listing of Impairments," but further states that "Epilepsy (11.02) is the most closely analogous listed impairment for a [medically determinable impairment] of a primary headache disorder" and "a person with primary headache disorder may exhibit equivalent signs and limitations to those detailed in listing 11.02." SSR 19-4p at § 8.

To evaluate whether a headache disorder meets the criteria of Paragraph B of listing 11.02, the ALJ is required to consider: "a detailed description from an [acceptable medical source] of a typical headache event, including all associated phenomena (for example, premonitory symptoms, aura, duration, intensity, and accompanying symptoms); the frequency of headache events; adherence to prescribed treatment; side effects of treatment (for example, many medications used for treating a primary headache disorder can produce drowsiness, confusion, or inattention); and limitations in functioning that may be associated with the primary headache disorder or effects of its treatment, such as interference with activity during the day (for example, the need for a darkened and quiet room, having to lie down without moving, a sleep disturbance that affects daytime activities, or other related needs and limitations)." SSR 19-4p at § 8. In examining whether the criteria for Paragraph D of listing 11.02 are met, the ALJ is to consider all the aforementioned factors and also "whether the overall effects of the primary headache disorder on functioning results in marked limitation in:

5

physical functioning; understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; or adapting or managing oneself." *Id*.

Comparing the requirements of SSR 19-4p to the ALJ's Step Three discussion, it is clear to the Court that the ALJ did not adequately discuss all the relevant factors. Although the ALJ demonstrated an awareness of the relevant listings and Social Security Rulings, she failed to reflect an understanding of the obligations they place on ALJs in performing their analysis at Step Three. Regarding, Paragraph B of listing 11.02, the only issue covered by the ALJ was the frequency of Plaintiff's migraines. (R. 586 ("[T]he claimant is in bed with migraines 3 to 4 days per week"].) The remainder of the above-referenced list went undiscussed in the Step Three analysis. Regarding the Paragraph D criteria, the ALJ similarly did not mention any of the functional domains that require analysis pursuant to SSR 19-4p (*i.e.*, physical functioning; understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; or adapting or managing oneself). The ALJ's Step Three evaluation is conclusory in the most literal sense; most of the sentences are conclusions that Plaintiff does not meeting listing level severity, but there is very little in the way of specific evidence supporting those conclusions or an explanation of the relevant listings' required criteria. By failing to adequately perform the duties required by SSR 19-4p, the ALJ's Step Three analysis is critically flawed and requires remand.

### III. Conclusion

Plaintiff's motion (dkt. 14) is granted and the Commissioner's Motion for Summary Judgment (dkt. 17) is denied. This case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

Entered: November 3, 2022

United States Magistrate Judge
Susan E. Cox